IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-615-FL

| | | |
|---|---|---|
| JONATHAN LAMONT WILLIAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL BURNETT, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court upon appellant's motion for leave to file an interlocutory appeal (DE 4). Appellee has filed a response in opposition. For the following reasons, the motion is denied.

Appellant seeks to appeal an order denying confirmation of a Chapter 13 plan, which is not a final order appealable as of right. Bullard v. Blue Hills Bank, 575 U.S. 496, 503 (2015). Appellant therefore must rely upon 28 U.S.C. § 158(a)(3), which permits this court to hear interlocutory appeals under some circumstances. To appeal an interlocutory order of the Bankruptcy Court, appellant must demonstrate exceptional circumstances, that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §§ 158(a)(3), 1292(b); KPMG Peat Marwick, LLP v. Est. of Nelco, Ltd. Inc., 250 B.R. 74, 78 (E.D. Va. 2000); LG Funding, LLC v. JLS Hosp., LLC, No. 7:24-cv-912-M, 2024 WL 4660833, at *1 (E.D.N.C. Nov. 1, 2024).

Even assuming that the Bankruptcy Court's order involves a controlling question of law on which substantial ground for difference exists, appellant fail to meet his burden to show exceptional circumstances, or that an immediate appeal would advance the litigation.

Appellant's motion asserts merely that the Bankruptcy Court's order was erroneous. He points to no circumstances or interests justifying an interlocutory appeal that could not be vindicated by an appeal in the ordinary course at the end of litigation. See Bullard, 575 U.S. at 507; In re Biltmore Invs., Ltd., 538 B.R. 706, 713 (W.D.N.C. 2015) (denying leave to maintain interlocutory appeal for, among other failures, lack of exceptional circumstances).

Finally, a separate notice of appeal from the Bankruptcy Court, from an entirely different case, appears on this case's docket in error. This court denied that separate motion for leave to mount an interlocutory appeal on December 5, 2024. (See Steinke v. Harris Ventures, Inc., No. 5:24-cv-613, DE 21 (E.D.N.C. Dec. 5, 2024)). The clerk is therefore directed to strike this document, filed in this case in error.

## CONCLUSION

For the forgoing reasons, appellant's motion for leave to file an interlocutory appeal (DE 4) is DENIED. The instant appeal is DISMISSED, and the clerk is DIRECTED to STRIKE the erroneously docketed notice of appeal from another case (DE 1), and to close this case.

SO ORDERED, this the 12th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge